Argued July 20, affirmed as modified August 22, 1978

In the Matter of the Marriage of
O'BRIEN, *Respondent,*
*and*
O'BRIEN, *Appellant.*
(No. 42941, CA 10653)

582 P2d 840

James W. Hoffman, Eugene, argued the cause for appellant. With him on the brief was Fagan, Hoffman & Klarr, P.C., Eugene.

Thomas J. Reuter, Lebanon, argued the cause for respondent. With him on the brief was Morley, Thomas & Kingsley, Lebanon.

Before Thornton, Presiding Judge, and Tanzer and Buttler, Judges.

THORNTON, P. J.

## THORNTON, P. J.

This is an appeal by wife from an order modifying the terms of a decree of dissolution entered on July 26, 1974. She contends that the trial court erred in failing to increase the child support in a sufficient amount and in failing to allow a sufficient amount for her attorney fees in the modification proceeding.

Husband and wife had two children, aged 8½ and 7 years of age. Wife was awarded custody of both children. Originally, husband was required to pay $60 per month for each child. The trial court in this proceeding increased this to $100 per month per child, required the husband to carry the children on his medical and dental insurance plans, and awarded $150 in attorney fees to wife.

Husband is employed as an equipment operator by a logging company near Wrangell, Alaska. His income has increased substantially since the parties separated. In 1974, the year of the dissolution, husband was employed for only part of the year. His gross earnings were just $9,417. In 1976, however, those earnings rose to $18,883. In 1977, husband earned $20,142. He remarried in 1975 and has one child by his present wife.

Wife is on welfare. Her grant is $325 per month plus $138 worth of food stamps for which she pays $94.

The record indicates that husband earned the sizeable sums listed above during approximately 7½ to 8 months' residence in Alaska. During the remainder of the year he and his family live with his parents in Oregon. While in Alaska he lives in a two-bedroom mobile home. He pays $70 a month rent for the mobile home, plus utilities and fuel, when he is actually occupying this housing unit.

Without detailing all of the income and living expenses of the parties, we conclude, after examining the entire record, that considering the respective

financial circumstances of the parties, husband should be required to pay $175 a month per child for the support of his children.

Lastly, we conclude that husband should be required to pay a total of $700 as a contribution toward wife's attorney fees in the trial court, rather than the sum of $150 allowed by the trial judge.

The decree appealed from is affirmed in all other respects.

Affirmed as modified. Costs to appellant.